UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re: SEARS HOLDINGS CORPORATION,
et al.,

                                        Debtors.

MOAC MALL HOLDINGS LLC,

                                Appellant,                          No. 19 Civ. 09140 (CM)

      -against-

TRANSFORM HOLDCO LLC and
SEARS HOLDINGS CORPORATION, et al.

                                Appellees.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/24

## MORE QUESTIONS

McMahon, J.:

Thank you for your very englightening submissions. I have one more question for you:

1. In my decretal paragraph at the end of *Sears I* vacated the Transfer Order – assumption as well as assignment. I have gone back over the briefing that led to *Sears I*, and I see that MOAC made no argument MOAC that questioned the validity of the assumption. It simply challenged Judge Drain's conclusion that Transform had demonstrated adequate assurance of performance and so was qualified to take an assignment of this shopping center lease. MOAC did, in its request for relief, (Dkt. #16 at 44), ask for vacatur of both assumption and assignment, which makes sense, as Sears assumed the lease with the intention of assigning it to Transform; but the opinion in *Sears I* addresses only the validity of the assignment, and I freely confess that I vacated the assumption unthinkingly. Of course, neither Sears nor Transform protested that I should have vacated only the assignment; their arguments also related only to the assignment's validity. I note that the Second Circuit did not address the issue of assumption in *Sears V*; it only affirmed my conclusion that Transform had not demonstrated adequate assurance of performance, and so was not a proper assignee under Section 365(b)(3) of the Code.

It is of course law of the case that I vacated the assumption as well as the assignment. But in the ordinary course, a district court is free to correct its own errors of law at any point up to the entry of final judgment, *see, e.g., Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *Shervington v. Village of Piermont*, 732 F. Supp. 2d

423, 425 (S.D.N.Y. 2010) – of which, in this case, there has as yet been none. I am not a fan of foolish consistencies; I am considering whether some of your arguments lead to the conclusion that Sears has already assumed the lease, no matter what became of the assignment. Of course, MOAC will scream that Transform and Sears have waived the right to argue that I erred in carelessly vacating the assumption because they did not raise that issue at the time I entered the order. But Transform and Sears can protest with equal force it hardly lies in MOAC's mouth to argue forfeiture, because MOAC never argued during *Sears I* that Sears' assumption of the lease was invalid – all its arguments were addressed to the validity of the assignment. All of us, it seems, failed to think outside the box and address what would happen to the assumption if the assignment were vacated.

So, take your best shot: if I were to conclude that I made a mistake in vacating the assumption, do I have the authority to correct the decretal paragraph in *Sears I* or not?

I promise that this is the last question I will ask. I hope to have an opinion for you no later than May 2 – because if I don't, you won't see anything until June. So I would appreciate answers by the close of business Wednesday. Thanks very much.

Dated: April 22, 2024

_____
U.S.D.J.

BY ECF TO ALL COUNSEL