USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/29/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re SEARS HOLDINGS CORPORATION et al., 18-B-23538 (RDD)

---------------------------------------------------------------x

MOAC MALL HOLDINGS LLC,

Appellant,

-against- 19 civ. 9140 (CM)

TRANSFORM HOLDCO LLC,

Appellee,

SEARS HOLDINGS CORPORATION et al.,

Debtors-Appellees.

---------------------------------------------------------------x

ORDER GRANTING MOAC'S MOTION FOR A
STAY PENDING APPEAL ON SPECIFIED CONDITIONS

McMahon, J.:

On May 3, 2024, this court entered an order (Dkt. # 82) that did three things. First, it reinstated this court's order dated February 27, 2020 (Dkt #26) – which order had directed the vacatur of the assumption and assignment of the Sears lease at the Mall of America in Minneapolis by Appellee Transform Co., on the ground that Transform was disqualified from taking such an assignment pursuant to 11 U.S.C. § 365(b)(3)(A). Following its vacatur and a circuitous journey to the Supreme Court and back again, that ruling was affirmed by the Second Circuit on November 6, 2023. Second, it dismissed MOAC Mall Holdings' appeal for lack of any remedy beyond what it had already obtained, which was the vacatur of the assignment to Transform, a disqualified entity.

And third, having concluded that the lease had not been forfeited to the landlord, it directed that the lease be returned to the Sears bankruptcy estate, in the person of the Liquidating Trustee.

As predicted, MOAC is taking an appeal to the Second Circuit from the court's decision declining to find that the Trustee was obligated to forfeit the Lease to the landlord pursuant to 11 U.S.C. § 365(d)(4) and dismissing its appeal for lack of any further viable remedy. (Dkt. # 87). MOAC has asked this court to stay its May 3 order pending an appeal to the Second Circuit (which MOAC promised to move to expedite – a gesture much appreciated by this court, which has tried repeatedly to move this case quickly, only to be frustrated by circumstances beyond my control).

The court being absent from the district when MOAC moved for a stay pending appeal, my colleague sitting in Part I, Judge Preska, issued an interim stay and set a rapid briefing schedule on MOAC's motion. (Dkt. # 91).[1] In papers filed last Friday, Transform and Sears opposed the entry of a stay. They argue that MOAC is not really seeking a stay pending appeal at all, but an injunction pending appeal that would prevent Sears from entering into a possible transaction that might well disappear if additional time is taken up with more appeals that do not get decided for years. They further argue that MOAC has not satisfied the conditions for entry of either a stay or an injunction pending appeal, in that it has proven neither likelihood of success on the merits (or even a reasonable probability of success on the merits) nor that it would suffer irreparable injury if a stay were denied. Finally, Transform and Sears argue that, at a minimum, MOAC should be required to post a bond in an amount that would make them whole if – as a result of time wasted on what they are sure will be an unsuccessful appeal – the deal they are presently negotiating

---

[1] Judge Preska did not provide for the filing of reply papers by MOAC in her scheduling order. I held off issuing this decision until 12:00 noon on May 29 (Wednesday) to see whether MOAC might file something; so far nothing has shown up on ECF. As I am granting MOAC the relief it seeks, it makes little sense to wait longer.

disappears due to the ever-changing (for the worse) climate for commercial real estate of the sort represented by the Sears "big box" store at the Mall of America.

MOAC most certainly does not really want to stay the entirety of this court's May 3 order. For example, I doubt very much whether MOAC wants the court to stay so much of that order as reinstated this court's original decision vacating Sears' August 2019 assumption of the lease and the immediately following assignment of that lease to Transform. What MOAC really wants is a stay of so much of this court's order as dismissed its appeal on the ground that there is no viable remedy beyond the one already obtained – vacatur of the assignment to Transform, a disqualified entity. Indeed, that is exactly what the legend at the top of the May 15 emergency letter motion (Dkt. # 88) seeks: to stay the Court's May 3, 2024 Decision and Order Dismissing Appeal as Moot for Lack of Remedy. Contrary to Transform's argument, a stay limited to that aspect of the court's May 3 order would not return the lease to Transform; it is law of the case that Transform cannot obtain an assignment of the Sears lease, and this court would never enter any order (including but not limited to a stay) that would undermine the reinstatement of its order vacating the assignment to Transform. Furthermore, a stay limited to the requested aspect of the court's order that dismissed MOAC's appeal for want of a remedy would necessarily prevent the immediate transfer of the lease to the Liquidating Trustee, since the remedy that MOAC seeks is reversion of the lease to it. Thus, staying the order dismissing MOAC's appeal as moot for want of a remedy would necessarily preclude the Sears Liquidating Trustee from taking ownership of the lease or from entering into any sort of transaction with respect to the lease while the stay was in effect.

The standard for obtaining a stay pending appeal are likelihood of success on appeal and irreparable harm in the absence of a stay. As MOAC correctly observes, this court wrestled mightily with the decision in this "unicorn" of a case; I went back and forth several times before

reaching a result. And while I think I reached the right result, I cannot and will not pretend that there is not an argument of substance on the other side. So while I could not in good conscience find that MOAC is *likely* to succeed on appeal – as has often been pointed out, few district judges are willing to predict that they will be reversed on appeal – there are sufficiently serious questions going to the merits[2] on this appeal so that a properly secured stay pending an expedited appeal would serve the interests of justice. And while Transform is correct that MOAC can prevent any the Liquidating Trustee from assigning the lease to a different assignee pending appeal by exercising its right of first refusal, that does not mean MOAC would not suffer irreparable injury in the absence of a stay. The remedy MOAC ultimately seeks is reversion of the lease to itself, on the ground that Sears can no longer assume the lease (its earlier assumption having been vacated by this court, and the § 365(d)(4) period having long since expired), which means that the lease must be tendered back to the landlord. It further argues that Transform's stipulation that the Sears lease really is a "lease" estops it from relying on the Second Circuit's decision in *International Trade Administration v. RPI*, 936 F. 2d 744 (2d Cir. 1991), to get around that inconvenient fact. If MOAC is right, then it is entitled to the lease without paying so much as a dime, to Sears or anyone else. The prospect of an imminent assignment in the absence of a stay pending appeal would effectively force MOAC to exercise its right of first refusal and part with a considerable sum of money in order to preserve the possibility of securing the remedy it seeks if it were to succeed on appeal. And the Sears bankruptcy estate (which is already contractually obligated to Transform for the value of anything it receives in respect of the Sears lease) is in no position to make MOAC whole if it is forced to match an offer from a proposed assignee – which means there is no way to compensate MOAC with money.

---

2 Not as to every issue MOAC raises – this court's alleged non-compliance with the mandate rule, for example, is not an argument that I can take seriously.

So on the whole I am inclined to enter a stay pending appeal. But only on two conditions.

As there is presently an offer pending for the lease – which offer gives the lease a current value of $43 million – a further lengthy appellate process gives rise to the possibility that the Estate will suffer harm from the entry of a stay. I am not insensible to conditions in the commercial real estate market; there is no guarantee that what is being offered for the Sears lease today will be available tomorrow, or in three or six months (or four years, if prior proceedings in this matter are any guide). Any stay pending appeal should, therefore, be adequately secured by the posting of a substantial bond. However, I disagree with Transform/Sears that the bond should be in the full amount of the offer, because while the $43 million figure gives us a starting point to calculate any damages suffered as a result of a stay pending appeal, I doubt very much that the value of the Sears lease will decline to zero *pendente lite*. A bond in the amount of $2.5 million will afford sufficient security, especially if the appeal can be expedited. MOAC has ten days within which to post the bond, or the stay (which becomes effective immediately) will expire.

Second, while I cannot direct the Second Circuit to decide any appeal expeditiously, I can condition a stay on MOAC's making good on its promise to *seek* an expedited appeal – and on its expressing to my colleagues on the Court of Appeals my firm conviction that this case needs to be decided quickly.

MOAC should provide the court with a form of order for the stay pending appeal which I will enter promptly. The order should provide for the posting of the bond.

I am grateful to my colleague Judge Preska for her attention to this matter in my absence.

Dated: May 29, 2024

U.S.D.J.

BY ECF TO ALL COUNSEL