UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re SEARS HOLDING CORPORATION, et al.,
    Debtors.

MOAC MALL HOLDINGS LLC,
    Appellant,

v.

TRANFORM HOLDCO LLC,
    Appellee,

and

SEARS HOLDING CORPORATION, et al.,
    Debtor-Appellee.

Civil Action No. 19-cv-09140 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/2024

[~~PROPOSED~~] ORDER STAYING MAY 2, 2024 *DECISION AND ORDER DISMISSING APPEAL AS MOOT FOR LACK OF REMEDY* PENDING APPEAL ON SPECIFIED CONDITIONS

Upon due consideration of Appellant MOAC Mall Holdings LLC's ("MOAC") motion for a stay pending appeal [ECF No. 85] (the "Motion") of the Court's May 3, 2024 *Decision and Order Dismissing Appeal as Moot for Lack of Remedy* [ECF No. 82] (the "Appealed Order"); and upon due consideration of the objections of the Appellees; and pursuant to this Court's authority under Fed. R. App. P. 8 and Fed. R. Bankr. P. 8025; and this Court having determined in its *Order Granting MOAC's Motion for a Stay Pending Appeal on Specified Conditions* [ECF No. 95] that MOAC faces a risk of irreparable harm and has raised sufficiently serious questions going to the merits of its appeal of the Appealed Order that a properly secured stay pending an expedited appeal would serve the interests of justice.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth, and subject to the conditions provided for, herein.

2. The Appealed Order shall be, and is hereby, STAYED upon entry of this Order through the Stay Period (as defined below) solely with respect to the Court's order that the Lease (as defined in the Appealed Order) be returned to the possession of the SRZ Liquidating Trustee (as successor to Sears Holding Corporation and its affiliated debtors) and MOAC's appeal be dismissed as moot for lack of any further remedy. For the avoidance of doubt, (i) the stay as provided for herein does not stay the Appealed Order insofar as it reinstated this Court's February 27, 2020 order [ECF No. 26], which vacated the assumption and assignment of the Lease to Transform, and (ii) neither the Trustee (pursuant to the stay provided herein) nor Transform (pursuant to the reinstated February 27, 2020 order) may enter into any assignment, sale, sublease, or any other direct or indirect disposition of any rights with respect to the Lease or the premises thereunder during the Stay Period.

3. The "Stay Period" shall expire upon the earliest to occur of (i) the issuance of the mandate by the United States Court of Appeals for the Second Circuit (the "Second Circuit") in MOAC's appeal of the Appealed Order, or (ii) the expiration of either deadline set forth in paragraphs 4 or 5 below if MOAC does not, as applicable, file the requisite bond with the Court or file the requisite motion to expedite its appeal with the Second Circuit.

4. As a condition of the stay provided herein, MOAC shall post a bond with the Court in the amount of $2,500,000 (two million five hundred thousand dollars) (the "Bond") in favor of the Trustee in accordance with Local Civil Rule 65.1.1 on or before June 8, 2024. The Bond shall remain outstanding through the Stay Period.

5. As a further condition of the Stay, MOAC shall seek an expedited appeal before the Second Circuit by motion filed on or before June 7, 2024, which motion shall include a statement as to this Court's expression of its firm conviction that the appeal needs to be decided quickly.

6. The SRZ Liquidating Trustee shall pay all costs, fees, and other amounts (including without limitation all common area maintenance expenses, taxes, and other charges) payable under the Lease and comply with all other obligations under the Lease (including maintenance of insurance) through the Stay Period. In the event MOAC does not prevail in its appeal, the Trustee may make a claim for any damages it suffered during the pendency of the appeal, which are secured by the Bond, subject to all rights, objections, and defenses of MOAC. For the avoidance of doubt, nothing contained herein shall be construed to limit the claims of any party for damages (including with respect to the foregoing amounts) suffered during the pendency of the appeal, including in excess of the Bond amount, to the extent provided by applicable law.

7. The temporary stay entered by the Court on May 15, 2024 [ECF No. 91] is hereby terminated upon entry of this Order.

8. This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order, and to interpret, implement, and enforce the provisions of this Order.

Dated: 7 June 2024

_____
U.S.D.J.