UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

IN RE SEARS HOLDING CORPORATION, ET AL.,

        Debtors

---------------------------------------------------------------X

MOAC MALL HOLDINGS, LLC,

        Appellant

-against-                                           19 Civ. 9140 (CM)

TRANSFORM HOLDCO LLC,

        Appellee,

-and-

SEARS HOLDINGS CORPORATION ET AL.,

        Debtors,

---------------------------------------------------------------X

### RESPONSE TO VARIOUS LETTERS

McMahon, J:

    I think I have now heard from all parties on the subject of the stay pending appeal.

    I make the following observations.

    1.    I have granted MOAC's motion for a stay pending appeal from my order dated May 2, 2024 (Dkt. #85). For the avoidance of doubt, I am NOT staying my original decision dated February 27, 2020. (Dkt. #26) That order has already been affirmed by the Second Circuit, so as far as I am concerned there is nothing for me to stay in that regard. Normally when my decisions have been affirmed, I do not stay them.

    2.    Staying the order at Dkt. #85 means that my decision awarding the lease to the Sears Liquidating Trustee has been stayed. However, for the avoidance of doubt (a phrase of which MOAC is fond), the stay pending appeal also means that if there are in fact still eight days left for

the Trustee to assume the Lease (the original assignment having been vacated), then those eight days will not run pending MOAC's appeal.

3. The stay places ownership of the Lease in limbo, since the Second Circuit has affirmed my conclusion that the lease could not be validly assigned to Transform and as far as I am concerned that assignment has been undone and Transform has nothing except the Trustee's promise to make it whole – pursuant to an agreement that, as MOAC has aptly noted, is none of my concern.

4.. In light of the stay, there can be no efforts to lease/sublease the Sears premises until you all get your various grievances sorted out by the Court of Appeals (since everyone seems to feel aggrieved by my decision).

3. MOAC has included in its propose stay order a provision requiring the Sears Liquidating Trustee to pay the "rent" – the common area maintenance charges, taxes and insurance on the premises – pending the appeal. I gather there is no longer any stipulation in place regarding the payment of rent and common charges pending the upcoming appeals. Since there is no order in place awarding the lease to MOAC, it is the landlord of the premises. Landlords are entitled to payment of the rent. Were I the Liquidating Trustee, I would not want to be facing an eviction proceeding for non-payment of rent. I would probably also want to do everything in my power to bolster my argument that Judge McMahon's order awarding the Lease to me rather than to MOAC (Transform does not enter into the picture) was correct. Which is to say, I would not be defaulting on those payments. Therefore, I am including in my stay order an order requiring the party whom I found to be MOAC's tenant (the Liquidating Trustee) to pay the "rent." Should MOAC end up with the Lease in the final analysis, those amounts will be refundable to the Trustee, and can be deducted from the bond. Whether those payments pendente lite are funded by Transform as opposed to the Trustee is not my concern – nor is it my concern whether, if Transform makes those payments, the Trustee will have to reimburse Transform as part of their "make whole" deal.

I wish you all well in your next trip to the Second Circuit. I am done with this matter.

Dated: June 7, 2024

_____
U.S.D.J.

BY ECF TO ALL COUNSEL