UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In Re: SEARS HOLDING CORPORATION,
Et al.,

        Debtors

19 Civ. 9140 (CM)

---------------------------------------------------------------x

MOAC MALL HOLDINGS LLC,

        Appellant,

-against-

TRANSFORM HOLDCO LLC,

        Appellee,

-against-

SEARS HOLDINGS CORPORATION, et al.,

        Debtors,

---------------------------------------------------------------x

### RESPONSE TO THE PARTIES RECENT LETTTERS

McMahon, J.:

    The parties are ostensibly squabbling over a brief extension of the court's scheduling order. They are really arguing about something else entirely.

    The actual matter in dispute appears to be whether third-party discovery should be taken into MOAC's alleged efforts, during the period when the stay pending appeal was in effect, to lease space elsewhere in the Mall of America to potential tenants who had dealings with Transform

about the Sears space. Frankly, I do not see the need for extensive third-party discovery on this point. In fact, I don't see the need for it at all.

I gather that both sides have spoken to/dealt with some of the same potential tenants. That fact does not appear to be in dispute, despite everyone's being coy about it; you will be hard-pressed to disabuse me of the notion that such discussions took place. If that fact is not in dispute, it could and should be stipulated – end of story. There is certainly no need to bother the potential tenants with depositions and document production, because the only arguably relevant fact is that such discussions were held. A simple interrogatory or request for admission from the Trustee to MOAC is sufficient to establish that fact. Then the Trustee can make whatever arguments he thinks are relevant based on the fact that such efforts were made.

While I am not foreclosing the Trustee from making any argument he chooses, I use the phrase "arguably relevant" advisedly. My mind is ever open to persuasion, but I am hard pressed at this moment to see how MOAC's dealings with potential Transform/Trustee tenants would be relevant to the issue of damages under and in excess of the bond. No decision made by this court or any other court gave the Trustee rights superior to MOAC in any competition between them for tenants for any space at the Mall of America. I can see how the discovery process might be used (abused) by the Trustee to learn the economic terms of any discussions that MOAC might have held with prospective tenants. That would give it a leg up in its own discussions with the same parties – and I gather that such discussions are taking place.

But this court has no business advantaging either side in dealing with prospective tenants. The economic details of MOAC's discussions with prospective tenants are, frankly, none of the Trustee's business. The prospective tenants have every right to play MOAC and the Trustee off against each other, and the pending motion relating to the bond cannot and will not become a forum

for giving either side information that would advantage it in any dealings with third parties. The fact that the Trustee has elected to reveal the economics of its discussion to MOAC in connection with its effort to obtain damages in excess of the bond does not entitle it to learn the economics of MOAC's discussions with the same parties. Of course, if MOAC chooses to reveal such matters in its opposition papers, all bets are off. I am betting that it won't.

I gather that the Trustee wishes to argue that any such dealings that took place during the pendency of the stay pending appeal constituted bad faith on MOAC's part. Again, I emphasize that the Trustee is free to make whatever arguments he chooses. But it really does not lie in the mouth of the Trustee – the successor in interest to Sears and the ally of Transform – to talk to me about bad faith on the part of someone else. I remind the Trustee that, while he ended up with the property because of a series of one-off events, *his side lost the underlying lawsuit*. MOAC won. Yes, it turned out to be a pyrrhic victory for MOAC. But the fact that it was Appellant, not Transform, that prevailed on the merits matters greatly to me in any assessment of bad faith.

As does the behavior of the Trustee's allies. The reason it took so long to resolve this dispute – and perhaps even the reason MOAC's victory turned out to be pyrrhic, though I cannot possibly know that for sure -- was a bad faith litigation tactic on Transform's part. We endured a lengthy frolic and detour to deal with a collateral issue – one that included a trip all the way to the United States Supreme Court – because of Transform's decision to go back on a representation it made to Judge Drain. Going back on a representation made to a federal judge would be understandably offensive to any court.; it was certainly offensive to me. Transform's decision (which was very much supported by the Debtor) to walk back its promise to Judge Drain by belatedly invoking 11 U.S.C. § 363(m) – rather than take an appeal from its 2020 loss on the merits – cost MOAC dearly: at least four years of business uncertainty and no small amount of attorneys

3

fees. If the Trustee wants to litigate bad faith on MOAC's part, it will have to deal with the bad faith behavior on his own side of the "v" in the caption.

So – no taking discovery of prospective tenants, unless MOAC opens the door. I very much doubt that it will.

I am perfectly amenable to extending by a week or two MOAC's time to file its responsive papers on the motion, and to extending by an equal amount of time the Trustee's time to file responsive papers. You can work that out among yourselves.

Dated: June 20, 2025

                                                           U.S.D.J.

BY ECF TO ALL COUNSEL