# Weil, Gotshal & Manges LLP

VIA CM/ECF

767 Fifth Avenue
New York, NY 10153-0119
Phone: +1 212 310 8000
Fax: +1 212 310 8007

**Greg Silbert**
+1 212 310 8846
greg.silbert@weil.com

August 20, 2025

*[Handwritten annotation: 9/9/2025 (1) Is Mr. Friedman['s] participating in this matter? He is my former law clerk. I need to know so that I can remove him from communications that are sent routinely to my former clerks. (2) I have "so ordered" the stipulated protective order. I apologize for the delay.]*

**VIA ECF**

Hon. Colleen McMahon
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

Re: Joint Motion for Entry of Stipulated Protective Order, *MOAC Mall Holdings v. Transform Holdco LLC*, Case No. 19 Civ. 09140 (CM)

MEMO ENDORSED

Dear Judge McMahon:

    The parties have met and conferred regarding the discovery procedures that are to be followed in connection with the *Motion of SRZ Liquidating Trust and Transform Holdco LLC to (I) Enforce Liability of Supersedeas Bond and (II) For Entry of Judgment for Damages in Excess of the Bond* [ECF No. 110]. In order to facilitate and expedite the production, exchange, and treatment of discoverable materials, and to protect the materials that each party seeks to maintain as confidential, the parties jointly request that the Court order that the Stipulated Protective Order attached hereto as "Exhibit A" applies in this matter as amended below.

    This Stipulated Protective Order is the protective order that Judge Drain entered on December 4, 2018, at *In re Sears Holdings Corp., et al.*, Case No. 18-23538 (RDD), Dkt. No. 1084 (Bankr. S.D.N.Y. 2018). However, in order to account for this Court's rules and procedures, to address procedures for filing confidential information with the Court, and other minor modifications, the parties have agreed that the following amendments to the Stipulated Protective Order shall apply in this matter:

1. Section 10 is amended to provide that the parties' in-house counsel may also receive "Highly Confidential Material," as defined in the Stipulated Protective Order, (i) solely for the purposes of this bond motion; and (ii) subject to the recipient in-house counsel's written confirmation that they will not disclose such materials to any other persons except as provided in the Stipulated Protective Order.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/2025

**Weil, Gotshal & Manges LLP**

August 20, 2025
Page 2

2. Section 13 is replaced with the following: "Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed in redacted form or otherwise omitting such materials from the public record and indicating such omission with a blank page stating "redacted", as appropriate, on or before the applicable filing deadline to remove information designated by the Producing Party as Highly Confidential or Confidential Material. Unredacted copies of such papers shall be provided to counsel for the Producing Party in unredacted form upon filing. The Producing Party shall have five (5) business days after the filing of such papers in redacted form, as applicable, to determine what information it believes should continue to be redacted and sealed from the public record and to file a letter motion to seal with the Court explaining the basis for sealing such materials. The Producing Party shall have the burden to establish that sealing is appropriate under applicable law. If the Producing Party determines that sealing is not required or does not file a letter motion to seal within such time period, the Party that filed redacted papers shall re-file such papers in unredacted form. If the Producing Party timely files a letter motion to seal, within two (2) business days following the Court's decision on such letter motion to seal, the Party that filed papers in redacted form shall (i) file such papers in an updated redacted form redacting only the information approved by the Court, if any, to be filed under seal, and (ii) if the Court approves the filing of any material under seal, to file such papers in unredacted form under seal in accordance with all applicable Local Rules and ECF rules."

3. The following language (which is this Court's confidentiality order addendum) is added as Section 36, and this new Section 36 supersedes any other conflicting language within the Stipulated Protective Order, to the extent there is any conflict:

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of

**Weil, Gotshal & Manges LLP**

August 20, 2025
Page 3

confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Subject to these revisions, the parties respectfully request that the Court so-order the Stipulated Protective Order, attached hereto as "Exhibit A," as amended herein.

Respectfully submitted,

/s/ Gregory Silbert

Gregory Silbert
*Counsel for SRZ Liquidating Trust*

Cc: All counsel of record through ECF