UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

MOAC MALL HOLDINGS,

                  Appellant,

    -against-

TRANSFORM HOLDCO LLC,
and SRZ LIQUIDATING TRUST,

                  Appellees.

----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2026

19 Civ. 9140 (CM)

## MEMORANDUM DECISION AND ORDER DENYING THE
## SRZ LIQUIDATING TRUSTEE'S MOTION FOR RULE 37 SANCTIONS

McMahon, J.:

In this, the bankruptcy appeal that simply will not go away, the SRZ Liquidating Trustee and Transform Holdco have moved (Dkt. No. 110) for an order (1) enforcing the appeal bond that was posted in connection with the court's imposition of a stay pending an appeal to the Second Circuit from a decision of this court (Dkt. No. 95), which decision was affirmed last year (Dkt. No. 108); and (2) seeking damages in excess of the bond.

Since the making of this motion – which was supposed to have been fully briefed last September – the parties have been engaged in endless bickering and discovery disputes. This has occurred notwithstanding this court's repeated instruction that discovery should be limited and completed expeditiously.

Now the Trustee has moved – in a letter motion, which I keep telling the parties is PROHIBITED by my individual rules (please read them, I actually mean what I say[1]) – seeking

---

[1] The next letter motion that shows up in my in-box will be thrown in the trash, with a direction to the Clerk of Court to reject it. Motions – including discovery motions – are to be made on notice, supported by affidavits or declarations

sanctions for MOAC's purported failure to produce documents relating to its communications with Primark, a third-party potential tenant for the Sears space. (Dkt. No. 181).

The specific request for production propounded by the Trustee asked for the production of: "All Documents and Communications relating to the Primark Lease, including all Documents and Communications reflecting negotiations, discussions, term sheets, analysis, valuation, cost estimates, or otherwise concerning that executed lease." Documents were requested for the period October 1, 2021 through the end of the stay period. As part of what the Trustee describes as "a broader compromise of discovery disputes," and what MOAC says was an effort to head off yet another discovery-related motion for a protective order, the Trustee agreed not to press for documents regarding lease negotiations between Primark and MOAC that occurred prior to the stay period, which commenced on May 29, 2024. (Dkt. No. 181-1; *see also* Dkt. No. 95).  As a result, no documents created during the period between October 1, 2021 and May 28, 2024 were produced – or needed to be produced – in response to the Trustee's discovery request.[2]

Following document production, the Trustee noticed the deposition of a witness from Primark, which I gather has leased space both from Sears and from MOAC at Mall of America. At that deposition, MOAC cross-examined Primark's witness about two documents that were generated during those pre-stay years.  The Trustee contends that MOAC's use of pre-stay period documents at the Primark deposition somehow violated its discovery obligations – even though the Trustee withdrew its request for documents pre-dating the stay period. Despite the withdrawal of the request, the Trustee seeks Rule 37 sanctions for MOAC's non-production of these

---

and exhibits and accompanied by a memorandum of law. Fortunately, there will be no more discovery motions in this case, because there will be no more discovery.

[2] I am mystified by MOAC's assertion that this document request was untimely. *See* Dkt. No. 183, p.1. In my decision of October 16, 2025 (Dkt. No. 169), I specifically directed the Trustee to propound additional document requests. I do not appreciate MOAC's effort to rewrite history.

documents. It argues that MOAC has deliberately violated this court's "ruling" that it could not engage in "heads I win, tails you lose" tactics by asking questions about pre-stay lease negotiations about which no documents were produced. The Trustee does not (because it cannot) argue that any such negotiations have no bearing on any issue this court must decide.

The Rule 37 sanctions motion is DENIED.

While the documents used at the deposition of the Primark witness were plainly called for in the Trustee's original request for production – a request calling for the production of documents going back to 2021 – the Trustee modified and limited its original request to documents created during the period encompassed by the stay pending appeal. Neither the reason for that modification nor the Trustee's wisdom in agreeing to it is of the slightest interest to me. MOAC responded to the document request that the Trustee ultimately agreed to propound – one that was limited to the stay period. I have no reason to believe that MOAC did not produce all documents that were responsive to the modified request. I cannot and will not sanction MOAC for having complied with a limited document request on which the Trustee signed off, of its own free will and for reasons of its own.

What the Trustee is really complaining about is the possibility that MOAC might make an argument against the motion for damages based on documents that were created prior to the period encompassed by the stay and the Trustee's ultimate document requests. That is not something that can be sanctioned through Fed. R. Civ. P. 37, which is addressed solely and exclusively to sanctions for a party's failure to comply with discovery requests. MOAC has not failed to comply with any discovery request.

Nor is MOAC in violation of any court order by making an argument that has factual support in documents on whose production the Trustee did not ultimately insist. I did indeed say

that MOAC could not engage in "heads I win, tails you lose" tactics. But I also said that the Trustee's remedy for MOAC's behavior was an opportunity to propound additional discovery requests. In preparing this order, I have re-read my October 16, 2025 decision on the motion to compel, Dkt. No. 169. That decision says that the Trustee is entitled to discovery of "any communications between MOAC and Primark that may have contributed to Primark's termination of its sublease." Dkt. No. 169 at p. 6. I did not in any way limit that discovery to the period encompassed by the stay. However, in the decretal paragraph I directed the Trustee to "file additional or amended discovery requests by November 14, 2025" concerning MOAC's communications with subtenants -- which includes Primark. In other words, the remedy was a reopening of discovery to permit the Trustee to seek additional documents. The Trustee did propound such a request, but then, in December 2025, elected to limit that request to documents produced during the stay period. MOAC did nothing wrong by not producing that which was no longer requested.

Fed. R. Civ. P. 37 is entitled "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions." Rule 37(c)(1) authorizes a court to sanction a party for failing to produce documents that were demanded by the other side. It is not a free-standing rule that allows a court to preclude a party that did not default in its discovery obligations from making arguments based on documents for which no document request was ultimately propounded.

In this case, the party making the original document request elected of its own volition to limit production to documents created during a specific time period. This court did not impose any time limit on MOAC's obligation to produce documents; the Trustee did that himself, by modifying its original request (with which I would likely have ordered MOAC to comply, if anyone had bothered to ask me for a ruling back in December). As far as I know, all documents responsive to

the voluntarily modified request for production were produced. Therefore, on the record before me, there has been no violation of anyone's discovery obligations, so there is nothing I could or would sanction pursuant to Rule 37.

Discovery is closed. It will not be reopened, so don't ask. Finish briefing this motion so I can decide it.

This constitutes the decision and order of the court.

It is a written decision.

The Clerk is directed to remove the "letter motion" at Docket No. 181 from the court's list of open motions.

Dated: February 3, 2026

_____
U.S.D.J.

BY ECF TO ALL COUNSEL